IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO.: 07-235 (JDB) |
| : | |
| KEVIN QUATTLEBAUM, : | |
| GIOVANNI WILLIAMS : | FILED |
| : | |
| Defendants. : | OCT 1 5 2007 |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

### ORDER

UPON CONSIDERATION of the parties' joint motion for entry of an order for collection of DNA samples, and the representations of counsel for the government and the defendants made in open court, and the record herein, the Court makes the following findings of fact and rulings of law.

Findings of Fact

The defendants were arrested on August 17, 2007 and subsequently indicted on charges of Unlawful Possession With the Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). Trial has been scheduled for November 26, 2007.

The government has alleged that the defendants unlawfully possessed cocaine base, otherwise known as crack, that was recovered from inside a shoe in a vehicle occupied by the defendants at the time of their arrest. The government believes that analysis of biological material that may be present on the shoe to determine the presence of the DNA profile of either or both defendants may provide relevant evidence in this case. The government has represented that the shoe has been sent to a laboratory for analysis to determine whether biological material suitable for DNA testing exists and that results of the analysis may not be available before November 2, 2007. The government further

represented that there would be insufficient time for DNA analysis to be completed by the time of trial if the samples from the defendants were submitted after November 2, 2007.

Unless and until there is a determination that biological material suitable for testing is present on the shoes, there does not exist probable cause that the collection of samples from the defendants for DNA testing will provide relevant evidence in this case. Accordingly, the ~~the~~ Court will not order the collection of DNA samples without the defendant's consent.

Each defendant, through counsel, has volunteered to provide DNA samples prior to any determination of whether there exists material suitable for DNA testing in this case, provided that the government agree to destroy the sample if he is acquitted in this case. The government has represented that, notwithstanding the policy of the United States Attorney's Office to oppose requests to destroy evidence of identity such as fingerprints and DNA samples, given the circumstances of this particular case in which there are time constraints that preclude the government from obtaining DNA samples from the defendants in a timely manner except by means of their consent, the government will agree to destruction of samples in the event of acquittal.

Accordingly, it is this _15th_ day of October, 2007,

ORDERED, that defendants in this case submit to the collection of DNA samples from their person on a date and at a time agreed upon by counsel, and it is

FURTHER ORDERED, that the samples be used for analysis of evidence in this case and for no other purpose and it is

FURTHER ORDERED, that in the event a defendant is acquitted of the charges in this case, the government shall make arrangements for the destruction of the sample collected from his person and it is

2

FURTHER ORDERED, that any DNA profile obtained from the DNA sample collected pursuant to this Order from a defendant who is subsequently acquitted of charges in this case, shall not be entered into any data bank in which such profiles are stored.

_____
~~The Honorable~~ John D. Bates
United States District Court
for the District of Columbia


cc: The Honorable Colleen Kollar-Kotelly