IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 07-235 (JDB) |
| | : | |
| KEVIN QUATTLEBAUM and | | |
| GIOVANNI ENRICO WILLIAMS: | | |

DEFENDANT WILLIAMS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS TANGIBLE EVIDENCE

Defendant Williams, through undersigned counsel,[1] respectfully submits the following supplemental memorandum in support of his motion to suppress evidence:[2]

1. The issue addressed in this memorandum is whether evidence that Defendant committed a traffic violation, which was not communicated to the officers who stopped the vehicle he was driving, can justify an investigative stop which was not otherwise based upon reasonable suspicion,[3] under the "collective knowledge" doctrine. *See, United States v. Halliman,* 923 F.2d 873, n.5 at 881 (D.C. Cir. ,1991)

2. The key case relied upon by Defendant is *United States v. Reed*, 349 F.3d 457, 462-463 (7th Cir. 2003) in which the Seventh Circuit, citing *Richardson v. Bonds*, 860 F.2d 1427, 1431 (7th Cir. 1988), held, "(t)he justification for the arrests cannot be an 'ex post facto extrapolation of all crimes that might have been charged on a given set of facts.'"

---

[1] At a status hearing held on October 10, 2007, Judge Kollar-Kotelly, to whom the case was assigned at the time, directed that "(u)nless counsel indicate otherwise, the Court will assume all Defendant motions are joined by both Defendants."

[2] The Court requested that any supplemental memoranda be limited to three pages. The contents of this memorandum, minus the caption, formal introduction, and signature block, consists of three pages.

[3] Defendant Quattlebaum, through counsel, is submitting a memorandum, which Defendant Williams joins, elaborating on why there was insufficient reasonable suspicion to justify the stop of the vehicle.

*Accord, Williams v. Jaglowski*, 269 F.3d 778, 783 (7th Cir. 2001). Defendant returns to that case and its underlying rationale shortly.

3. There is body of case law which holds that the "collective knowledge" doctrine does not apply to information never communicated to the acting officers. *See, United States v. Shareef*, 100 F.3d 1491, 1503 (10th Cir. 1996).[4] *See also*, discussion in *United States v. Conner*, 948 F.Supp 821,  840-842 (N.D. Iowa, 1996), *aff'd* 127 F.3d 663 (8th Cir. 1997) (noting that most cases involving "collective knowledge" involved communication.)

4. The exceptions to this rule usually tend to fall into two categories of cases, *United States v. Ramirez*, 473 F.3d 1026, 1032 (9th. Cir. 2007). There are the cases where the stopping / arresting officer is acting at the <u>direction</u> of other officers. *See, United States v. Hensley*, 469 U.S. 221 (1985) (police in Kentucky stopped defendant based on flyer issued in Ohio); *United States v. Nafzger*, 974 F.2d 906 (7th Cir. 1992) (information from FBI relayed through "command post") *But see, United States v. Woods,* 544 F.2d 242, 260 (6th Cir. 1976) (order by supervisor to arrest defendants cannot supply probable cause where never communicated to officers making the arrest.) In such cases, no specific information need be communicated to the officer who is essentially acting under orders,[5] which Defendant concedes is reasonable, especially in the context of

---

[4] Other cases include *United States v. Wilson*, 894 F.2d 1245, 1254 (11th Cir. 1990) (at least minimal communication required); *United States v. Edwards*, 885 F.2d 377, 382 7th Cir. 1989) (supervisors knowledge about defendant not communicated to agents on scene); *United States v. Velazco-Durazo*, 372 F.Supp.2d 520, 530 (D. Ariz. 2005); *United States v. Newman,* 265 F.Supp.2d 1100, 1109 (D. Ariz. 2003); *United States v. Conner*, 948 F.Supp 821 (N.D. Iowa, 1996), *aff'd* 127 F.3d 663 (8th Cir. 1997).

[5] At the same time, however, the test for sufficiency depends on the information in possession of the law enforcement persons who request the action. *See. Whitely v. Warden, Wyoming State Penitentiary*, 401 U.S. 560 (1971) (when basis for state police bulletin was insufficient, the resulting stop was illegal.) *Accord,*

large metropolitan police department, *see, United States v. Williams*, 308 F.2d 326, 327 (D.C. Cir. 1962). The second category of collective knowledge cases often involve officers working in close proximity to each other. *See, United States v. Edwards, supra* at 382-383 (detectives "made the arrest together."); *United States v. Woods, supra* (officers working on scene and communicating with each other.)[6]

6. The police in Defendant's case actually conducted an investigative stop, but the United States relies upon a traffic violation, not communicated to the officers who stopped the vehicle.[7] This brings the case, Defendant submits entirely within the scope of *United States v. Reed, supra*. Defendant submits that to permit the police to rely on a *post hoc* reconstruction to justify a Fourth Amendment intrusion, not relied upon at all by the officers to stop defendants, is to encourage an expansion of the collective knowledge doctrine that potentially rewards bad faith, not good faith, on the part of the police. As the Court in *Richardson v. Bonds, supra* held"

> Nevertheless, while an objective standard is to be employed in assessing the legal basis for an arrest, we will not "indulge in *ex post facto* extrapolations of all crimes that might have been charged on a given set of facts at the moment of the arrest, nor [ ] will [we] look favorably upon arguments of the government doing the same. Such an exercise might permit an arrest that was a sham or fraud at the outset, really unrelated to

---

*United States v. Colon*, 250 F.3d 130 (2nd Cir. 2001) (radio dispatcher not qualified to assess reasonable suspicion).

[6] Moreover in these circumstances, the general basis for the stop or arrest is agreed upon, even though the police need not be legally correct about the precise offense. *See, United States v. Sawyer,* 224 F.3d 675 (7th Cir. 2000) (immaterial that police did not know defendant's status as convicted felon, even though eventually charged with felon in possession, when police were arresting based on state concealed weapon law.)

[7] At least that is the factual record before the Court after conducting an evidentiary hearing. The only unequivocal evidence about the traffic stop is that the officers who observed the violation discussed it at the police station after the arrests were made.

the crime for which probable cause to arrest was actually present[,] to be retroactively validated." Essentially we have in mind a rationale that would recommend itself to a reasonable police officer acting in good faith. A rationale which is extravagant or novel, or which is based on "stale" facts that could have formed the basis for an earlier arrest, may be rejected as unreasonable. We will not look favorably on any arrest based on an "arrest now, explain later" policy. (Citations omitted)

                                              Respectfully submitted

                                              /s/

                                              Richard K. Gilbert
                                              Bar. No. 939884
                                              601 Pennsylvania Avenue, N.W.
                                              Suite 900, South Building
                                              Washington, D.C.  20004
                                              (202) 898-0857
                                              (202) 544-0024 (fax)
                                              rkgesq@juno.com

                                              Attorney for Defendant Williams