IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 07-235 (JDB) |
| | : | |
| KEVIN QUATTLEBAUM and GIOVANNI ENRICO WILLIAMS: | | |

JOINT OPPOSITION TO MOTION TO REOPEN SUPPRESSION HEARING

Defendant Giovanni Enrico Williams, through undersigned counsel, and acting on behalf of himself and his codefendant Kevin Quattlebaum,[1] respectfully opposes the request of the United States that this Court reopen the hearing on Defendants joint motion to suppress the tangible evidence found inside the vehicle in which both defendants were traveling on August 17, 2007, as well as any evidence seized from their persons. As grounds therefore, Defendant states:

1. Both defendants are charged in a single count indictment alleging that on August 17, 2007 in the District of Columbia, both men possessed with intent to distribute 50 grams or more of cocaine base, also known as crack. <u>Trial is currently set for November 26, 2007</u>.

2. On October 15, 2007, Defendants filed a motion to suppress tangible evidence. The motion summarized the government's evidence as presented at the preliminary

---

[1] At a status hearing held on October 10, 2007, Judge Kollar-Kotelly, to whom the case was assigned at the time, directed that "(u)nless counsel indicate otherwise, the Court will assume all Defendant motions are joined by both Defendants." Counsel for both defendants have agreed that undersigned counsel would assume responsibility for preparing the motion to suppress tangible evidence.

1

hearing and through the discovery provided. which included testimony by another officer that undercover officer, "W.E.,"(identified as Officer Walter Ellerbee) had followed the truck, claimed that at the intersection of 19th Street and Lyman Place, Defendant Williams made a left turn without signaling, and that the other narcotics officers were notified of this violation, which provided the pretext for a stop of the vehicle by those officers. Defendants denied that a traffic violation occurred.

    3. On October 22, 2007, the United States filed an opposition to Defendants' motion. Included in the recitation of facts were the assertions that one of the stopping officers, Sergeant Neill had heard something about a traffic violation, but paid it no mind, as he was planning to stop the vehicle any way and that another stopping officer, Lieutenant Wilkins did not remember hearing any broadcast about a traffic violation. Thus, the United States knew at the time it filed its opposition, that the officers who stopped the Defendants would testify that had <u>not</u> relied on the traffic stop as a justification for stopping the truck, and that if the United States wanted to rely on a traffic stop as a justification for the stop, it would have to rely on some aspect of the "collective knowledge" doctrine.

    4. The Court held an evidentiary hearing on November 9, 2007, at which time the United States presented the testimony of Officer Durham and Lt. Wilkins. Officer Durham testified that, although he also saw the traffic violation, he could not remember if any officer actually said anything about it on the radio. He did recall that it was discussed at the police station after the arrests. Lt. Wilkins admitted that he did not

remember hearing anything about the traffic violation before arriving on the scene. The United States elected not call either Officer Ellerbee or Sgt. Neill.

5. The Defendants presented the testimony of Officer Fultz, another officer on the scene, and a civilian witness, Mr. Allen. (Officer Fultz testified that he also had seen the traffic violation, but had no recollection that it was mentioned on the radio.) Neither Defendant elected to testify.[2] The United States attempted to recall Lt. Wilkins in rebuttal with respect only to the testimony of Mr. Allen, but apparently there was a mistake about that point and Lt. Wilkins was excused.

6. Because of the late hour, the Court recessed the hearing to Thursday, November 15, 2007 for argument on the motion. The United States did <u>not</u> seek to reopen the evidentiary portion of the hearing to call either Sgt. Neill or Officer Ellerbee, nor did the United States announce its intention to do so. In the intervening six days leading up to the oral argument on the motion, the United States made no mention of any desire to present more testimony.

7. On November 15, 2007, Defendants argued that there was no evidence that information about the traffic violation had been communicated to the officers who stopped the Defendants, and that evidence of an unrelated offense that was neither observed by, nor communicated to, the stopping officers could be used to justify the stop of the truck. Although the Court made no express findings, the Court posed questions to the parties concerning the factual scenario suggested by Defendants

---

[2] It is, of course, the right of Defendants not to testify at the motion hearing, but, they recognize that by failing to do so, they waive the factual issue as to whether there was a traffic violation. All of Defendants' arguments about the scope of collective knowledge have <u>assumed</u> the existence of the violation.

3

Neither side presented the Court with a case on point and the Court invited the parties to submit short (three page) memoranda on the issues (and other legal issues they believed had been raised) by Monday, November 19, 2007. At the hearing, the United States made no motion to reopen the hearing.

8. On November 19, 2007, for the first time, the United States filed a pleading seeking to reopen the motion hearing to permit new testimony, presumably from Sgt. Neill. Defendants oppose any such reopening, noting both the imminent trial date and the lack of any justifiable reason why the United States should get a "second bite" at presenting its case.

9. The United States cites to this Court's unpublished opinion in *United States v. Dubose*, 2006 WL 1876999 (July 5, 2006). Although the facts in *Dubose* were indeed more complex than the instant case, the principles are the same. This Court, citing *United States v. Greely*, 425 F.2d 592 (D.C. Cir. 1970), *McRae v. United States*, 420 F.2d 1283 (D.C. Cir. 1969), and Judge Roberts' recent opinion in *United States v. Watson*, 391 F.Supp.2d 89 (D.D.C. 2005), observed that, while the Court certainly has discretion to reopen a suppression hearing, the movant, in this case the United States, has the burden of providing a reasonable explanation for its failure to present its proffered evidence initially. This the United States cannot do.

10. Every experienced jurist and criminal law practitioner knows that evidence does not always come out as expected in contested evidentiary hearings, but there were few shocking surprises to the government at the hearing. Lt. Wilkins testified, just as proffered, that he did not recall hearing any transmission about a traffic violation. It is

4

possible that the prosecutor was surprised by Officer Durham's failing to recall whether he heard or made such a transmission, but, in any event, he was certainly aware that an important factual point had not come out as he apparently expected. Nonetheless, the United States apparently deliberately chose not to put on any further testimony while the issue was fresh.

11. While undersigned counsel does not know Officer Ellerbee and cannot state whether he was present, counsel <u>does</u> know Sgt. Neill and saw him outside the courtroom on the day of the hearing. Indeed, counsel's investigator, a retired MPD detective, went up and had a conversation with Sgt. Neill. The decision to not call Sgt. Neill was, therefore, unquestionably a <u>tactical</u> decision.[3]

12. The government's argument loses particular force from its failure to move to reopen the hearing prior to when the parties appeared almost a week later to argue the motion. Clearly, the defendants and, it seemed, the Court, were treating the record as closed; the United States meanwhile said nothing to the contrary. The issue of whether the collective knowledge doctrine applies to information never communicated was not a "narrow legal issue the Court raised after evidence was taken." The issue was squarely presented as soon as Officer Durham testified he could not remember whether a contemporaneous call had been made. The fact that United States may not have been concerned about an adverse ruling until <u>after</u> the Court's questions during argument on

---

[3] While Defendant cannot speak for the reasons why the United States did not call Sgt. Neill when he was available, Defendant notes that, unlike Lt. Wilkins, Sgt. Neill's proffered testimony was that he could <u>not</u> tell the difference between burnt and raw marijuana, a peculiar answer for an experienced narcotics officer.)

the presumably closed record does not mean the issue was newly raised. The belated realization by the United States that it may have miscalculated the legal impact of its evidentiary presentation, does not constitute a reasonable explanation for failing to complete the record on several earlier occasions when it had the chance.

                                        Respectfully submitted

                                             /s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004
(202) 898-0857
(202) 544-0024 (fax)
rkgesq@juno.com

Attorney for Defendant Williams