IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v : | Crim. No 07-235 (JDB) |
| : | |
| KEVIN QUATTLEBAUM and | |
| GIOVANNI ENRICO WILLIAMS: | |

DEFENDANT'S JOINT PROPOSED STATEMENT OF THE CASE,
QUESTIONS DURING VOIR DIRE AND INSTRUCTIONS

Defendant Giovanni Enrico Williams, through undersigned counsel, and acting on behalf of himself and his codefendant Kevin Quattlebaum,[1] respectfully proposes the following statement of the case, modifications to the Court's standard voir dire questions, and potential jury instructions:

I. PROPOSED STATEMENT OF THE CASE

Both defendants, Kevin Quattlebaum and Giovanni Enrico Williams, are charged with a single count. The charge is contained in an indictment, which is only a formal statement of charges; it is not evidence that either Mr. Quattlebaum or Mr. Williams committed any crime. The indictment charges that on August 17, 2007, in the vicinity of 19th Street, "L" Street, and Lyman Place, N.E. in the District of Columbia, Mr. Quattlebaum and Mr. Williams possessed with intent to distribute 50 grams or more of cocaine base, also known as crack.

---

[1] At a status hearing held on October 10, 2007, Judge Kollar-Kotelly, to whom the case was assigned at the time, directed that "(u)nless counsel indicate otherwise, the Court will assume all Defendant motions are joined by both Defendants." Counsel for both defendants have agreed that undersigned counsel would assume responsibility for preparing the motion to suppress tangible evidence.

1

II. PROPOSED VOIR DIRE QUESTIONS

Defendants have reviewed the Court's proposed voir dire questions from a recent trial, *United States v. Lynwood Davis*, Crim. No 05-168 (JDB) and with the following exceptions, believes those questions are satisfactory for this case. (Since the Court presumably already has the *Davis voir dire* in its computer files, it should be easier to amend that file instead of substituting an entirely new pleading.

1. The parties in Question 2 should be changed

2. The location mentioned in Questions 3 and 4 should be changed as should the date in Question 3.

3. Question 11, concerning prior conviction, should be deleted.

4. Question 30, concerning domestic violence, should be deleted.

5. Questions 31 - 33, concerning firearms offenses, should be deleted.

6. Defendants further request that the Court either inquire or permit counsel to inquire as to (1) the nearest large intersection to their home, and (2) the employment of any juror whose employment is vague.

III. PROPOSED JURY INSTRUCTIONS

Defendants request the Court give, or potentially give depending on the events at trial the following instructions from the Criminal Jury Instructions For The District of Columbia (2007 ed.):

A. Expected Instructions

    1. Standard Instruction 1.03, with instructions 1.02 and 1.22 - initial instructions

    2. Standard Instruction 1.08 - expert testimony

    3. Standard Instructions 2.01 - 2.13, and 2.14 - standard closing instructions

    4. Standard Instruction 2.26 - police officer's testimony

    5. Standard Instruction 2.53 and 2.55 - multiple defendants

    6. Standard Instruction 2.71 - 2.75 - "housekeeping" instructions

    7. Instructions on verdict forms and copy of instructions

    8. Standard Instruction 3.02 - proof of state of mind

    9. Standard Instruction 3.08 - possession

    10. Standard Instruction 4.02 - aiding and abetting

    11. Standard Instruction 4.29 - possession with intent to distribute

B. Instructions Which Might Arise

    1. Standard Instruction 1.07 - question not evidence

    2. Standard Instruction 1.10 and 1.11 - prior statements

    3. Standard Instruction 1.12, 1.12A, and 1.13 - prior convictions

    4. Standard Instruction 2.13 - number of witnesses

    5. Standard Instruction 2.27 and / or 2.28 - defendants testify or not

    6. Standard Instruction 2.70 - redacted document

    7. Standard Instruction 2.90 - 2.92 - post deliberation instructions

C. Defendant's Theory of The Case

The Defendants reserve the right to submit a proposed defense theory of the case instruction after the evidence has been submitted.

                                        Respectfully submitted

                                        /s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004
(202) 898-0857
(202) 544-0024 (fax)
rkgesq@juno.com

Attorney for Defendant Williams