IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 07-235 (JDB) |
| | : | |
| KEVIN QUATTLEBAUM and | | |
| GIOVANNI ENRICO WILLIAMS: | | |

JOINT MOTION *IN LIMINE* TO PERMIT JURY TO VIEW TRUCK

Defendant Giovanni Enrico Williams, through undersigned counsel, and acting on behalf of himself and his codefendant Kevin Quattlebaum,[1] respectfully requests that this Court permit the jury to view, at an appropriate point in the trial, the Ford F-150 pickup truck in which both Defendants were traveling on August 17, 2007. As grounds therefore, Defendant states:

1. Both Defendants are charged in a single count indictment alleging that on August 17, 2007 in the District of Columbia, both men possessed with intent to distribute 50 grams or more of cocaine base, also known as crack. Trial is currently set for November 26, 2007.

2. Among the expected government evidence at trial is testimony from police officer Hampton Durham, that he saw Defendants walk up "L" Street, N.E and get into a Ford F-150 pickup truck parked on 19th Street, N.E. Although the truck was registered

---

[1] At a status hearing held on October 10, 2007, Judge Kollar-Kotelly, to whom the case was assigned at the time, directed that "(u)nless counsel indicate otherwise, the Court will assume all Defendant motions are joined by both Defendants." Counsel for both Defendants have agreed that undersigned counsel would assume responsibility for preparing the motion to suppress tangible evidence.

1

to Defendant Quattlebaum, Defendant Williams got into the driver's seat. Officer Durham testified that looking through the rear window of his vehicle, he could look through the rear window of the pickup truck and see Defendant Quattlebaum making a counting motion, about mid-torso high, in the direction of Defendant Williams.

    3. Defendant's vigorously deny that Officer Durham, or anyone for that matter, could see what Officer Durham claimed to have seen because of the configuration of the truck. Although Defendants introduced, at the motion hearing, photographs of what the police testified "looked like" the same truck, this Court, relying on a picture of the truck's interior opined that Officer Durham could see through a gap in the front seats where a console was located.

    4. Although presumably irrelevant for the purposes of the suppression motion, the United States relying on a traffic stop instead of Officer Durham's observations, the alleged "counting" is of extreme importance at trial, especially for Defendant Williams, as the United States is expected to argue that this somehow this connects him with Defendant Quattlebaum in some "illegal activity," as there is nothing tangible linking him to the drugs found in the truck.

    5. Defendants contend that to understand what would be visible from the rear of the truck, the jury would need to consider (1) the size of the rear view window, (2) the height of the rear view window, (3) any tint of the rear view window, (4) the height of the rear seats, to include any headrests, (5) the height of the front seats, to include any headrests, and (7) the size and height of the console between the front seats. Moreover, the jury truly needs to consider these various factors <u>in relation to each other.</u>

6. Individual photographs of these different factors may be misleading, or equally as importantly, may be <u>argued</u> as misleading by one side or another. Defendants submit that the only way the jury can truly form an accurate opinion of what Officer Durham could see or not is for the jurors themselves to inspect the truck. Therefore, Defendants request that the Court permit, at an appropriate time in the trial, the jurors to view the truck.

7. Counsel for Defendant has discussed this with Mr. Snook, the Administrative Officer for the Court. Should the Court order such a view, the truck could be towed into one of the Court's parking or loading bays. Of course, that would require coordination with the Marshals, but undersigned counsel has had precisely this sort of viewing done in the garage at Superior Court, so there should be little significant difference in this, and expanded courthouse. The truck will remain in the custody of the police, so there should be few concerns about the security of the truck.

WHEREFORE, for the above reasons, Defendant respectfully requests that this Court permit the jury to view, at an appropriate point in the trial, the Ford F-150 pickup truck in which both Defendants were traveling on August 17, 2007.

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857
(202) 544-0024 (fax)
rkgesq@juno.com

Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 07-235 (JDB) |
| | : | |
| KEVIN QUATTLEBAUM and | | |
| GIOVANNI ENRICO WILLIAMS: | | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION *IN LIMINE* TO PERMIT JURY TO VIEW TRUCK

1. Defendant has been unable to locate any cases in this Circuit which deal with a jury's view, during trial, of a relevant vehicle. The Supreme Court of Hawai'i considered at length the legal basis for such views and the procedural precautions that should accompany them in *State v. Paulino*, 60 P.3d 306 (Haw. 2002). It is clearly a matter of the trial judge's discretion and judges should consider "(1) the view's importance to the issue at question, (2) the extent to which information from the view could be obtained from other sources; and (3) the extent to which the object or place to be viewed has changed since the controversy arose," *Id* at 326.

2. For the reasons set forth above, Defendants contend that the issue is important and that individual photographs cannot fully capture, from every vantage point, the lines of sight. Moreover, a photograph cannot capture accurately the degree to which window tinting might obscure the interior. The truck has been in the custody of the police since Defendants were arrests, so the United States can hardly argue that it has been tampered with. (The console was up when counsel for Defendants viewed the

5

truck, probably as a result of the search of the truck, but they have no objection to the jury viewing the console down.)

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004
(202) 898-0857
(202) 544-0024 (fax)
rkgesq@juno.com

Attorney for Defendant Williams

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 07-235 (JDB) |
| | : | |
| KEVIN QUATTLEBAUM and
GIOVANNI ENRICO WILLIAMS: | | |

ORDER

Upon consideration of Defendants' Joint Motion *In Limine* To Permit Jury To View Truck, (and the Opposition of the United States,) it is this \_\_\_\_ day of _____, 2007 ORDERED

That the Motion is hereby GRANTED and at an appropriate time in the trial the jurors shall be permitted to view the truck in which Defendants were riding. It is FURTHER ORDERED that the parties shall coordinate with the Administrative Services Office of the Court and the United States Marshals to carry out this Order.

_____
JUDGE