IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 07-235 (JDB) |
| | : | Trial Date: November 26, 2007 |
| KEVIN QUATTLEBAUM, GIOVANNI WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, proposes the following jury instructions:

Preliminary Instructions.

    A.    Instructions Before and During Trial:

        1.01    Instruction to Defendant(s) on Bond at Beginning of Trial

        1.02    Notetaking by Jurors

        1.03    Preliminary Instruction Before Trial

            -    Read or summarize the indictment

            -    Read the Elements of the offense.  See instruction 4.29.

        1.04A    Stipulations of Fact

        1.05    Cautionary Instruction Prior to First Recess

        1.07    Question Not Evidence

        1.08    Expert Testimony

        1.13    Impeachment by Proof of Conviction of a  Crime – Defendant

      1.14    Impeachment of Defendant -- Statements

      1.20    Questions by Jurors

      1.21    Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed

      1.22    A Juror's Recognition of a Witness or Other Party Connected to the Case

  B.    Final Instructions

      2.01    Function of the Court

      2.02    Function of the Jury

      2.03    Jury's Recollection Controls

      2.04    Evidence in the Case -- Judicial Notice and Stipulations

      2.05    Statements of Counsel

      2.06    Indictment Not Evidence

      2.07    Inadmissible and Stricken Evidence (if necessary)

      2.08    Burden of Proof -- Presumption of Innocence

      2.09    Reasonable Doubt

(*The government requests that in place of Instruction 2.09 from the Red Book, the Court give the foregoing instruction, which is based on Instruction 21, Definition of Reasonable Doubt, from Pattern Criminal Jury Instructions, and was approved by this circuit in United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).)

      2.10    Direct and Circumstantial Evidence

      2.11    Credibility of Witnesses

2.13 Number of Witnesses

2.14 Nature of Charges Not to Be Considered

2.26 Police Officer's Testimony

2.27 Right of Defendant not to Testify

2.28 Defendant as Witness (if necessary)

2.71 Selection of Foreperson

2.72 Unanimity

2.73 Exhibits During Deliberations

2.74 Possible Punishment Not Relevant

2.75 Communications Between Court and Jury During Jury's Deliberations

2.76 Furnishing the Jury with a Copy of the Instructions

2.77 Use of Verdict Forms -- Note

3.02 Proof of State of Mind

3.08 Possession

4.29 Possession of a Controlled Substance with Intent to Distribute

The essential elements of the offense of possession with the intent to distribute cocaine base are:

1. That the defendant possessed a controlled substance.

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the defendant possessed the cocaine base, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

    4.    The law makes cocaine base a controlled substances.  You must decide whether the materials in question were cocaine base.  In doing that, you may consider all evidence that may help you, including exhibits, and expert and non-expert testimony.  The government need not prove that the defendant possessed any particular numerical amount of a controlled substance, but it must prove beyond a reasonable doubt that he possessed a detectable or measurable amount of a controlled substance.  A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

    3.08    Possession

There are two kinds of possession:  actual and constructive.  A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession.  To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the narcotics alone or with someone else.

    2.09    Government's Proposed Special Instruction on Reasonable Doubt

The government requests that in place of Instruction 2.09 from criminal Jury Instructions for  the District of Columbia, this Court give Instruction 21, Definition of Reasonable Doubt, from Pattern Criminal Jury Instructions, which was approved by this circuit in <u>United States v. Taylor</u>, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).  The instruction is as follows:

As I have said many times, the government has the burden of proving the defendant guilty

beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

(The government notes that this instruction has been used recently by Judges Roberts and Robertson.)

                                                Respectfully submitted,

                                                JEFFREY A. TAYLOR
                                                United States Attorney

By:  _____
     Jeff Pearlman
     DC Bar 466901
     Assistant U.S. Attorney
     Federal Major Crimes Section
     555 4th Street, N.W.
     Washington, D.C.  20530

(202) 353-2385