IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 07-235 (JDB) |
| | : | Trial Date: November 26, 2007 |
| KEVIN QUATTLEBAUM, GIOVANNI WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S PROPOSED VOIR DIRE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, proposes the following voir dire questions:

1. Based on the information I have provided to you, do you know anything about the facts and circumstances of this case?

2. Do you have any particular familiarity with the location of the alleged offense, the 1700 block of Lyman Street, NE, Washington, D.C., located within the area boarded by Bladensburg Road, Maryland Avenue, and M Street, NE?

3. The United States is represented in this case today by assistant United States Attorneys Jeff Pearlman and Anthony Alexis. The defendants are represented by Jonathan Love and Richard Gilbert. Do you know, or know of, any of the parties or legal representatives of the parties in this case?

4. During the presentation of evidence by the United States, you may hear testimony from or about the following persons [*list to be provided at trial*]. Do you know or know of any of these prospective witnesses?

5.    The defendant is presumed innocent of the charges against him and has no obligation to call any witnesses. The defendants may or may not call some or all of the following witnesses. [*Introduction of potential defense witnesses, if any.*] Do you know or know of any of these prospective witnesses?

6.    I am Judge John D. Bates, My courtroom clerk is Bryan Wayne, and my law clerk is _____. The court reporter is _____. Do you know me or any member of my staff?

7.    Please take a moment to look around the room at your fellow panel members. Do you know any other members of the jury panel? Would that affect your ability to decide the case for yourself based on your individual judgment?

8.    The defendants are charged with possession with intent to distribute cocaine base, otherwise known as crack. Does any member of the panel disagree with the prosecution of narcotics offenses?

9.    Does anyone believe that either too much or too little effort is spent on the prosecution of drug offenses or that the penalties assigned to those offenses are either too severe or too lenient?

10.    Do you have an opinion or feeling about federal or local drug laws that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

11.    One of the fundamental principles of our legal system is that when a person is brought to court charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt. Would

you have any difficulty applying this principle of law?

12. Because the defendants are presumed innocent, they need not testify, nor offer any evidence. Would you view their decision and/or their attorney's decision not to put on a defense as evidence of guilt?

13. If you are chosen as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendants are charged, you must find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendants not guilty." Would you, for any reason, not be able to follow this instruction?

14. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all following this principle?

15. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

16. Do you believe that police officers are more or less credible than other witnesses simply because they are police officers?

17. Have you, any of your relatives, or any close friends ever worked in any capacity for any type of law enforcement agency, including: the United States Park Police, the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration,

and any other law enforcement agency?

    a.    If the answer is yes, what was the nature of the employment?

    b.    Would your experience, or that of your friends or relatives, make it difficult for you to sit as a juror in this case?

18.    Do any of you now, or have you within the past ten years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "Orange Hat" patrols, or any other crime prevention groups?

19.    Have you, any of your relatives, or any close friends studied law or had any legal training?

    a.    If the answer is yes, what was the nature of the studies or training?

    b.    Would this study or training affect your ability to follow the Court's instructions as to the law that should be applied in this case?

20.    Have you, any of your relatives, or any close friends ever worked in any capacity in the correctional system? This would include a prison, jail, department of corrections, probation office or parole agency.

    a.    If the answer is yes, what was the nature of the employment?

    b.    Would your experience or that of your friends or relatives make it difficult for you to sit as a juror in this case?

21.    Have you, any of your relatives, or any close friends, had an experience with or ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office, such as the D.C. Attorney General's Office, the United States Attorney's Office, or a state's attorney or commonwealth attorney?

      a.    If the answer if yes, what was the nature of the employment?

      b.    Would this employment make it difficult for you to sit as a juror in this case?

22.    Have you, any of your relatives, or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

      a.    If the answer if yes, what was the nature of the employment?

      b.    Would this employment make it difficult for you to sit as a juror in this case?

23.    Have you formed special opinions concerning defense attorneys, prosecutors, law enforcement officers, or accused persons that would affect you in deciding this case?

24.    Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officers, or in any other capacity?

25.    Have you ever served as a juror in the trial of a criminal case?  Is there anything about your prior experience as a juror that would make it difficult for you to sit as a juror in this case?

26.    Have you ever served as a grand juror?  Is there anything about your prior experience as a grand juror that would make it difficult for you to sit as a  juror in this case?

27.    Have you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

28.    Have you, any of your relatives, or any close friends been a witness to, a victim of, or arrested for and/or charged with a crime within the last 10 years? (Answers to be taken at the bench.)

29.    Do you have any moral, religious or philosophical convictions which would make it

difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during the trial? (Answers to be taken at the bench.)

30. Do you have a hearing problem that would make it difficult for you to hear tape recordings, or an eyesight problem that would make it difficult for you to view projections of photographs, all of which may be presented as part of the evidence in this case?

31. Do you have an illness, or other medical condition that would make it difficult for you to sit as a juror? (Answers to be taken at the bench.)

32. Do you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings? (Answers to be taken at the bench.)

33. The trial is expected to last approximately three to four days, after which the jury will begin deliberations. Do you have an urgent or extremely important matter to attend to such that you would be faced with a hardship if selected for the jury in this case? (Answers to be taken at the bench.)

34. Do you know of any reason whatsoever, even if not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it? (Answers to be taken at the bench.)

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney

By: _____
                Jeff Pearlman
                DC Bar 466901
                Assistant U.S. Attorney
                Federal Major Crimes Section
                555 4th Street, N.W.
                Washington, D.C.  20530
                (202) 353-2385
                jeffrey.pearlman@usdoj.gov