IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 07-235 (JDB) |
| | : | Trial Date: November 26, 2007 |
| KEVIN QUATTLEBAUM | : | |
| GIOVANNI WILLIAMS, | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S OPPOSITION TO JOINT MOTION IN LIMINE TO PERMIT JURY TO VIEW TRUCK

The United States, by and through its attorney, the United States Attorney for the District of Columbia, opposes Defendants' Joint Motion In Limine to Permit Jury to View Truck.

The Defendants' proffer fails to provide a sufficient ground for the Court's taking the extraordinary step of having the jury leave the courtroom to view the Ford F-150 truck that the defendants occupied when they were stopped by police. Apparently, the Defendants believe that if the jurors to view the vehicle in the garage, they will not credit Officer Hampton Durham's testimony that he saw Defendant Kevin Quattlebaum counting what appeared to be money while facing Defendant Giovanni Williams. The defendants have been given a full opportunity to view and take pictures of the truck during the discovery phase of this case.[1] The Defendants' Motion offers no facts in support of the conclusory statements that individual photographs are inadequate to fairly and accurately represent the truck as it existed at the time that Durham viewed the defendants inside it. Nor does the Motion indicate how photographs of the truck are "misleading" in any way.

---

[1] The government would not object to the defense counsel's taking additional photographs of the vehicle in the garage.

Moreover, what would actually be misleading would be for the jury is to view the truck in a setting different from that in which Durham viewed it and under different circumstances. Officer Durham testified during the suppression hearing that he viewed the defendants in the truck while he was in an elevated vehicle, when there was plenty of daylight, and how his movements were restricted and prevented his viewing all aspects of the transaction between the defendants.. Defense counsel cannot put each juror in the same elevated setting, provide the same degree of daylight (particularly in a garage), or force each juror to crane their necks and use rear view mirrors the same way Officer Durham did in order to create the same circumstances under which he viewed the defendants.

The government submits that photographic evidence fairly and accurately represents the the truck to the jury, that the witnesses can state the degree to which the photographs fairly or unfairly represent the truck, and that the parties can argue the credibility of the witnesses, including officers and defense witnesses with respect to issues relating to Officer Durham's observations. We request therefore that the Defendant's Motion be denied.

      Respectfully submitted,

      JEFFREY A. TAYLOR
      United States Attorney

      By:
      Jeff Pearlman
      DC Bar 466901
      Assistant United States Attorney
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 353-2385
      jeffrey.pearlman@usdoj.gov